[Civil No. 2530.   Filed May 7, 1929.]

[277 Pac. 67.]

H. L. MOSHER, Appellant, v. M. P. HOLLADAY; LEONARD METZ, Trustee in Bankruptcy for M. P. HOLLADAY; THE SHERIFF OF GILA COUNTY, ARIZONA; JOHN DOE and JANE ROE, Appellees.

300

See Evidence, 22 **C. J.**, sec. 1683, p. 1265, n. 25.

Mr. John W. Ray and Mr. J. C. Niles, for Appellant.

Mr. O. E. Schupp, for Appellees.

ROSS, J.—The appellant, Mosher, as the owner and holder of a chattel mortgage, brought suit to foreclose it making the mortgagor, Holladay, and his trustee in bankruptcy Leonard Metz, defendants. Because the mortgage lien was not foreclosed on all the property claimed by appellant to be covered by the mortgage, she has appealed. The mortgage was of the "entire stock of furniture and fixtures, including counters, shelving, show cases, stoves, scales, typewriter, cash registers, sheft (shelf) and prescription bottles, iron safe and empty packages and labels and covering all fixtures known as the Barnet stock, located in the Holladay property, situated on the west side of Main Street, between the moving picture house and Pool's hardware store, in Hayden, Arizona."

The contention of the defendants on the trial was that the mortgage covered only the furniture and fixtures of what was known as the Barnet drug-store, whereas plaintiff contended it covered all the furniture and fixtures "in the Holladay property (building)," including not only the furniture and fixtures of the Barnet drug-store but also the furniture and fixtures of a restaurant in the basement of said building owned by one Henry Davis, and of a gentle-

men's and ladies' furnishing store (separated by a partition from the drug-store) owned at the time by one George Johnson. The court heard the evidence on these contentions and foreclosed the mortgage lien on the furniture and fixtures of the Barnet drug-store only.

It is assigned and argued that oral evidence identifying the mortgaged property was improperly admitted. If one could, unaided by extrinsic evidence, select and identify the mortgaged property from its description in the mortgage, then the oral evidence was improperly admitted. If, on the contrary, the description contained in the mortgage needed to be supplemented by oral testimony before the property could be identified, then such testimony was properly received. The court took the view that the description was ambiguous and heard the oral testimony. We do not think this was error. However, even if it were error, the appellant has not called our attention to the place in the record where any objection was made to this testimony.

The evidence further discloses that the only furniture and fixtures in the Holladay building owned by the mortgagor at the time of the giving of the mortgage were the furniture and fixtures of the Barnet drug-store, and that these were the only properties that he had any right to mortgage.

We have carefully examined this case and find that there is no merit whatever in the contentions of the appellant.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.